# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MASHIRI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VITAL RECOVERY SERVICES, INC., *et al.*,<br><br>　　　　　　Defendants. | Case No.  14-cv-00231-BAS(BLM)<br><br>**AMENDED ORDER:**<br><br>**(1) GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS (ECF NO. 11); AND**<br><br>**(2) DENYING IN PART AND GRANTING IN PART DEFENDANT VITAL RECOVERY SERVICES, INC.'S MOTION TO DISMISS (ECF NO. 18)** |

　　　　On January 3, 2014, Plaintiff Farid Mashiri filed a nine-count complaint in Superior Court against Defendants Vital Recovery Services Inc. ("Vital Recovery") and JPMorgan Chase Bank, N.A. ("Chase") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code sections 1788, *et seq.*, ("RFDCPA"), and California's Unfair Competition Law, California Business and Professions Code sections 17200, *et seq.* (ECF No. 1 ("Compl.") at Exh. A.)  Chase removed the case to federal district court on January 31, 2014.  Chase now moves to dismiss Counts Two and Nine, and Vital

Recovery moves to dismiss Count Nine. (ECF Nos. 11, 18.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, this Court **GRANTS** Chase's Motion to Dismiss with leave to amend and **DENIES IN PART AND GRANTS IN PART** Vital Recovery's Motion to Dismiss, also with leave to amend.

I.   BACKGROUND

Plaintiff alleges he obtained two loans on his property: the first with PHH Mortgage; the second, a home equity line of credit with Washington Mutual ("WaMu"). (Compl. at ¶ 13.) As a result of not making his mortgage payments, both of Plaintiff's loans went into default. (*Id.* at ¶ 16.) At some point after default, Chase took over the loans from WaMu. (*Id.*) Plaintiff alleges his attorney sent letters, in both June and August of 2009, to WaMu informing it that Plaintiff was represented by an attorney. (*Id.* at ¶ 17.) Plaintiff alleges his attorney followed up with a letter dated November 10, 2009 and sent November 12, 2009 to Chase disputing the debt and requesting every document relating to his loan. (*Id.* at ¶ 19.) He claims neither entity responded. (*Id.*) The property was foreclosed on around February 2010. (*Id.* at ¶ 20.) In addition, Plaintiff alleges that despite "having actual knowledge that Plaintiff [was] represented by counsel," Chase sent debt collection letters directly to him in October and December 2013. (*Id.* at ¶ 30.)

After foreclosure, on October 4, 2012, Vital Recovery contacted Plaintiff by letter and via his cell phone attempting to collect part of the outstanding loan balance. (*Id.* at ¶¶ 21, 22.) Plaintiff claims he and his attorney responded in writing on October 29, 2012 and December 20, 2012, telling Vital Recovery that Plaintiff had an attorney, he was disputing the debt, he requested verification of the debt source and amount, and he was requesting Vital Recovery to stop contacting him via cellular telephone. (*Id.* at ¶¶ 23, 26.) Nonetheless, Plaintiff alleges Vital Recovery persisted to call his cell phone repeatedly attempting to collect the debt.

(*Id.* at ¶¶ 25, 29.) These repeated calls resulted in charges to Plaintiff. (*Id.* at ¶¶ 29, 70.)

As a result of these "harassing communications," Plaintiff alleges he incurred actual damages "consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries." (*Id.* at ¶ 35.) Plaintiff also alleges he "incurred out of pocket monetary damages for attorneys' fees and costs incurred for services provided to protect Plaintiff under the RFDCPA and FDCPA." (*Id.* at ¶ 36.) Finally, he claims he suffered "additional incidental actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages." (*Id.* at ¶ 37.)

## II.  STATEMENT OF LAW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).  A court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cnty of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)).  "However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc.*, 896 F.2d at 1542, n. 19.  Documents specifically identified in the complaint whose authenticity is not questioned by the parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds); *see also Branch*, 14 F.3d at 453-54.  Such documents may be considered, so long as they are referenced in the complaint, even if they are not physically attached to the pleading.  *Branch*, 14 F.3d at 453-54; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (extending rule to documents upon which the plaintiff's complaint "necessarily relies" but which are not explicitly incorporated in the complaint).  Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions.  *Fecht*, 70 F.3d at 1080 n. 1.  Additionally, the court may consider materials which are judicially noticeable.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co.,* 806 F.2d at 1401 (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962)).

## III.  ANALYSIS

### A.  Count Two

In Count Two, Plaintiff alleges a violation of Title 15, United States Code, §1692g. Under subdivision (a) of § 1692g, within five days after initial communication with a consumer regarding his or her debt, the debt collector is required to send the consumer a written notice regarding the details of the debt, including notification that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a).  Under subdivision (b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, … and a copy of such verification or judgment…is mailed to the consumer by the debt collector.

15 U.S.C. §1692g(b).  Plaintiff alleges that Chase violated section 1692g(b) because it failed to cease collection of the debt despite Plaintiff's notification that he disputed the validity of the debt. (Compl. at ¶ 47.)

Chase moves to dismiss this count claiming Plaintiff's allegations are insufficient since they fail to allege that Plaintiff notified Chase within 30 days that the debt was disputed. (ECF No. 11-1 at p. 4.)  Although Plaintiff alleges that he

1 did notify Chase on November 12, 2009 that he was disputing the debt (*see* Compl. at ¶ 19), he fails to allege when or even whether there was a written notice from Chase that prompted this communication.  It is impossible to tell from the Complaint whether the notification was done within the 30-day window.

Plaintiff responds by attaching a notification letter dated November 4, 2009 from Chase (ECF No. 13 at Exh.1) and urging this Court to consider this letter. (ECF No. 13 at p. 6, n. 1.)  However, the Court may only consider documents specifically identified in or submitted as part of a complaint, or facts otherwise judicially noticeable or permissibly incorporated by reference, without converting the motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Branch*, 14 F.3d at 453-54; *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Parrino*, 146 F.3d at 706.  Since Plaintiff failed to reference, or in fact make, any allegation with respect to the existence of this letter, the Court at this point declines to consider the new evidence.  The Court therefore **GRANTS** Chase's Motion to Dismiss as to Count Two.  However, since it appears from the letter that Plaintiff may be able to amend the Complaint to make it sufficient, the Court **GRANTS** Plaintiff leave to amend.

### B.   Count Nine

In Count Nine, Plaintiff alleges a violation of California's Unfair Competition Law ("UCL") under Business and Professions Code sections 17200 *et seq*.  This law protects against unfair, unlawful or fraudulent business practices. Cal. Bus. & Prof. Code § 17200.  The "unlawful" prohibition protects against conduct otherwise forbidden elsewhere by law, making it independently actionable as unfair competitive practices.  *Daro v. Super. Ct.*, 151 Cal.App.4th 1079, 1093 (2007).

"[A] private person has standing to sue under the UCL for unfair competition only if he or she 'has suffered injury in fact and has lost money or property as a

result of such unfair competition.'" *Id*. at 1086 (quoting Cal. Bus. & Prof. Code § 17204) (emphasis omitted)). Thus, whether or not a private person has standing to sue is subject to a simple two-part test: First, a party must establish injury in fact, that is "economic injury." *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 322 (2011). Second, the party must show that his economic injury "was the result of, i.e., *caused by*, the unfair business practice." *Id.* (emphasis in original). The injury must be concrete and particularized and actual or imminent, not conjectural or hypothetical. *Id*.

Both Chase and Vital Recovery move to dismiss Count Nine arguing that Plaintiff has failed to allege economic injury that was caused by the alleged unfair business practices. (ECF Nos. 18-1 at pp. 4-6 and 11-1 at pp. 5-7.) Because the Court finds Plaintiff's allegation that he incurred charges as a result of Vital Recovery's repeated telephone calls to his cellular telephone in an attempt to collect on the debt (Compl. at ¶ 70) sufficient to allege economic injury caused by Vital Recovery, the Court **DENIES** Vital Recovery's Motion to Dismiss Count Nine brought on behalf of Plaintiff.[1] However, since there is no such allegation with respect to Chase, and, since the remaining allegations of damages are either not economic injury or there is no showing how Chase's actions caused the damages,

---

[1] However, the Court **GRANTS** Vital Recovery's Motion to Dismiss Count Nine brought on behalf of the "general public," with leave to amend. A private plaintiff may not bring an action under the UCL on behalf of the general public. *Clark v. LG Electronics U.S.A., Inc.*, 2013 WL 2816410, at *4 (S.D. Cal. Oct. 29, 2013). A private plaintiff who wishes to pursue representative claims or relief on behalf of others must satisfy both the standing requirement of California Business and Professions Code § 17204 and comply with the class action requirements of California Code of Civil Procedure § 382. Cal. Bus. & Prof. Code § 17203; *Arias v. Super. Ct*., 46 Cal.4th 969, 980 (2009) (construing "the statement in section 17203, as amended by Proposition 64, that a private party may pursue a representative action under the unfair competition law only if the party 'complies with Section 382 of the Code of Civil Procedure' to mean that such an action must meet the requirements for a class action."). The requirements for a class action are not met here.

the Court **GRANTS** Chase's Motion to Dismiss.

Clearly, Plaintiff cannot claim that Defendants' actions caused his home to go into foreclosure. His home went into foreclosure long before any alleged actions by the Defendants. "A plaintiff fails to satisfy the causation prong of the statute if he or she would have suffered 'the same harm whether or not a defendant complied with the law.'" *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 522 (2013) (citing *Daro*, 151 Cal.App.4th at 1099). In *Jenkins*, the California Appellate Court found the plaintiff's allegations that the defendants' unlawful, unfair, and fraudulent business practices (1) caused her home to go into foreclosure; (2) resulted in damages, interest, attorney's fees, and costs; and (3) should result in an injunction, to be insufficient to satisfy the causation prong of the UCL's standing requirements. *Id.* at 519-23. Since the plaintiff admitted in her complaint and opening brief that she had defaulted on the loan prior to any alleged unlawful acts, she could not show that the defendants' alleged unlawful acts caused the resulting damages. *Id*. at 522. The same is true here.

In addition, Plaintiff's claim that he suffered "mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry mortification, shock, humiliation, indignity, pain and suffering…" is not sufficient economic injury under the UCL. While Vital Recovery erroneously conflates the economic injury standing requirement with eligibility for restitution, *see Kwikset Corp.*, 51 Cal. 4th at 337 (holding "ineligibility for restitution is not a basis for denying standing under section 17204"), emotional distress does not constitute lost money or property as contemplated by the UCL. *See Katz v. Cal–Western Reconveyance Corp.*, 2010 WL 424453, at *5 (N.D. Cal. Jan. 27, 2010).

Plaintiff claims his allegation that "Defendants failed to communicate to the credit agency that Plaintiff's debt was disputed" is a sufficient allegation of economic injury under *Aho v. AmeriCredit Financial Services, Inc.*, 2011 WL 2292810 (S.D. Cal. June 8, 2011). However, Plaintiff fails to explain how the

alleged failure to communicate to the credit agency that the debt, which had to do with his admitted default on two home loans and resulting home foreclosure, was now disputed, would have resulted in any decrease in credit score. Plaintiff also fails to allege what was inaccurate or disputed about the debt and how a communication that it was disputed would have resulted in a better credit score. These hypothetical or conjectural damages without more are insufficient to support a claim under the UCL.

This leaves Plaintiff's claim that he was forced to pay attorneys' fees as well as transportation and gasoline to the law firm as well as other costs to prosecute the case against Defendants. However, the gravamen of Plaintiff's claim is that Defendants contacted him directly instead of the attorney he had already retained to help him deal with the debt collection process. If, in fact, all a plaintiff had to do to allege standing was to allege attorneys' fees in pursuing the suit, every Plaintiff would be able to allege standing. Attorneys' fees and costs of the suit are insufficient.

Since Plaintiff fails to allege economic injury as a result of Chase's actions, Chase's Motion to Dismiss Count Nine is **GRANTED** with leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Vital Recovery's Motion to Dismiss Count Nine (ECF No. 18) is **GRANTED IN PART**, with leave to amend, and **DENIED IN PART**. Defendant Chase's Motion to Dismiss Counts Two and Nine (ECF No. 11) is **GRANTED** with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so no later than September 26, 2014. This Order vacates and supersedes the prior Order issued by this Court (ECF No. 26).

**IT IS SO ORDERED.**

DATED: August 27, 2014

Hon. Cynthia Bashant
United States District Judge